IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARC WEILL, TOM GROOS and JOSH COHEN, | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 07-CV-6246 (BSJ) |
| EARTH BIOFUELS, INC., | § § § § | |
| Defendant. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR IMPROPER VENUE, OR TO TRANSFER
VENUE TO THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

CUDDY & FEDER LLP
Attorneys for Defendant Earth Biofuels, Inc.
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

C&F: 854150.4

## TABLE OF CONTENTS

**PAGE**

**INTRODUCTION** ...................................................................................................1

**BACKGROUND FACTS**.........................................................................................2

**ARGUMENT** ..........................................................................................................3

      THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE OR, AT A MINIMUM, TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION ............................................................3

A.    The Forum Selection Clause Designates Dallas County, Texas as the Exclusive Venue .................................................................3

B.    Transfer to the Northern District of Texas is Appropriate .....................4

      1.    The Southern District of New York is an Inappropriate Venue ........4

      2.    The Northern District of Texas is the Proper Venue Under 28 U.S.C. § 1404(a).................................................................6

           a.    Convenience to the Parties .....................................................6

           b.    Convenience to the Witnesses ...............................................7

           c.    Interest of Justice ....................................................................8

**CONCLUSION** ......................................................................................................10

C&F: 854185.1

## **TABLE OF AUTHORITIES**

**PAGE**

*American Steamship Owners Mutual Protection and Indemnity Assoc,
Inc. v. LaFarge North America, Inc.*, 474 F. Supp. 474, 482 (S.D.N.Y. 2007) .......7

*Bank of America, N.A. v. Hensley Properties, LP*, 495 F.Supp.2d 435,
440 (S.D.N.Y. 2007)..................................................................................................7

*Bense v. Interstate Battery System of America, Inc.*,
683 F.2d 718, 721-22 (2nd Cir. 1982) .......................................................................4

*Elite Parfums, Ltd v. Rivera*, 872 F. Supp. 1269, 1271 (S.D.N.Y. 1995) .................3

*Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp.2d 447
(S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 8 (1972) ...........................3

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) .........................3

*Tralongo v. Shultz Foods*, 2007 WL 844687 (S.D.N.Y. 2007) .................................7

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) .....................................................6

*Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278-79
(S.D.N.Y. 1992)..........................................................................................................4

*Zurich Insur. Co. v. Prime, Inc.*, 419 F.Supp.2d 384 (S.D.N.Y. 2005) . . . . . . . . . . .3

C&F: 854185.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARC WEILL, TOM GROOS and JOSH COHEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 07-CV-6246 (BSJ) |
| | § § | |
| EARTH BIOFUELS, INC., | § § § | |
| Defendant. | § | |

## INTRODUCTION

Defendant Earth Biofuels, Inc. ("Earth"), by its attorneys, Cuddy & Feder LLP, respectfully moves the Court for an Order (a) dismissing the Complaint pursuant to FRCP § 12(b)(3), on the ground that the Southern District of New York is an improper venue or, alternatively, (b) transferring this case to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a).

This suit involves allegations of a failure by Earth to fulfill alleged registration requirements for Earth stock under various Registration Rights Agreements ("Registration Agreements") executed in 2006 with the Plaintiffs Marc Weill ("Weill"), Tom Groos ("Groos"), and Josh Cohen ("Cohen"). True and correct copies of the Registration Rights Agreements executed with the Plaintiffs are attached as **Exhibit A-1** to the Affidavit of Dennis McLaughlin ("McLaughlin Aff."), which is submitted herewith.

The Registration Agreements contain a choice of law and forum selection clause that states that any disputes involving the Registration Agreements are "governed by and construed in accordance with the laws of the State of Texas," and that the "parties irrevocably agree that exclusive venue for such dispute shall lie in any court of competent jurisdiction in Dallas

1

County, Texas, and the parties waive any claim that such forum is inappropriate or inconvenient." Inasmuch as the parties to this suit agreed that the exclusive venue for this dispute is Dallas County, Texas, this case should be dismissed pursuant to FRCP § 12(b)(3).

Moreover, even if there were no binding forum selection clause requiring dismissal of the action, the factors considered under 28 U.S.C. § 1404(a) make it evident that the convenience of the parties and the witnesses, as well as the interest of justice, require, at a minimum, that this suit be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

## BACKGROUND FACTS

Earth is a Delaware corporation with its principal place of business located at 3001 Knox Street, Dallas County, Texas, 75205. *See* McLaughlin Aff. at ¶ 2. The Defendant's principal place of business has been in Dallas County, Texas since the time the cause of action alleged accrued.

Weill is a resident of Greenwich, Connecticut. Groos is a resident of Grand Rapids, Michigan. Cohen is a resident of Valhalla, New York.

On or about July 5, 2007, the Plaintiffs filed the instant suit. On or about July 11, 2007, an Involuntary Bankruptcy Petition was filed in the U.S. Bankruptcy Court for the District of Delaware by five petitioning creditors that named Earth as the alleged debtor. Earth filed a Suggestion of Bankruptcy with the Court on or about July 27, 2007, in order to notify the Court that the case was stayed pursuant to the automatic stay provision found in section 362 of the Bankruptcy Code. On or about December 11, 2007, the Motion to Dismiss the Involuntary Bankruptcy Petition was granted.

# ARGUMENT

## THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE OR, AT A MINIMUM, TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

### A. The Forum Selection Clause Designates Dallas County, Texas as the Exclusive Venue

Federal Rule 12(b)(3) of the Federal Rules of Civil Procedure provides for the dismissal of an action based on "improper venue." Here, the action should be dismissed because the parties agreed that Dallas County, Texas is the exclusive forum for this action. *See Zurich Insur. Co. v. Prime, Inc.*, 419 F. Supp.2d 384 (S.D.N.Y. 2005)(dismissing third-party complaint pursuant to FRCP 12(b)(3) on the ground of improper venue based on a forum selection clause); *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp.2d 447 (S.D.N.Y. 2002) (dismissing action pursuant to FRCP 12(b)(3) on the ground of improper venue based on a forum selection clause).

Here, Section 11(d) of the Registration Agreements state:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. In the event of a dispute involving this Agreement or any other instruments executed in connection herewith, the parties irrevocably agree that exclusive venue for such dispute shall lie in any court of competent jurisdiction in Dallas County, Texas, and the parties waive any claim that such forum is inappropriate or inconvenient.

Therefore, Dallas County, Texas, is the exclusive forum selected by the parties for disputes under the Registration Agreements. Further, Texas law governs any disputes pursuant to the Registration Agreements. As a general rule, forum selection clauses are enforceable in federal court. *See M/S Bremen v. Zapata Off-Shore Company,* 407 U.S. 1, 8 (1972); *see also Elite Parfums, Ltd v. Rivera*, 872 F. Supp. 1269, 1271 (S.D.N.Y. 1995) ("The general rule is that forum selection clauses are regularly enforced."). It is federal law, and not the law of any

3

specific state, that governs the decision whether to enforce a forum selection clause under 28 U.S.C. 1404(a). *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Absent a compelling and countervailing reason, a forum selection clause should be honored by parties and enforced by the courts. *See Bremen,* 407 U.S., at 12.

Although deference is typically given to a plaintiff's choice of forum, the burden is reversed when the plaintiff opposes the enforcement of a valid forum selection clause. *See Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278-79 (S.D.N.Y. 1992). Specifically, when a motion to dismiss or motion to transfer for improper venue is based on a valid forum selection clause, the burden is on the party opposing enforcement of the forum selection clause to demonstrate that the enforcement of the forum selection clause would be "unreasonable and unjust." *Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718, 721-22 (2nd Cir. 1982); *see also Zurich Int'l*, 419 F.Supp.2d at 387. In fact, the venue mandated by a choice of forum clause rarely will be outweighed by other factors unless the party opposing the choice of forum clause can demonstrate "exceptional facts" as to why that party should not be bound by the contractual terms to which it previously agreed. *See Weiss,* 801 F.Supp. at 1278-79.

Therefore, based on the binding forum selection clause, designating Dallas County, Texas as the "exclusive venue" for this action, it is respectfully submitted that the Complaint should be dismissed pursuant to FRCP § 12(b)(3).

**B.     Transfer to the Northern District of Texas is Appropriate**

   1.     <u>The Southern District of New York is an Inappropriate Venue</u>

Even if there were no forum selection clause, a 28 U.S.C. 1404(a) analysis justifies this case being transferred to Texas. The first step in analyzing whether to transfer venue under

C&F: 854150.4

1404(a) is determining if the suit was initially brought in the proper district. This analysis is governed by 28 U.S.C. 1391(a). It states as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The only applicable provision to this suit is the second prong of 28 U.S.C. 1391(a) related to whether "a substantial part of the events. . . giving rise to the claim occurred" in the district in which the suit was brought. In this instance, the suit was not brought where a substantial part of the events giving rise to the claim occurred.

The events in question concern alleged requirements that Earth register certain Earth stock shares with the Securities and Exchange Commission, which are actions that would have been taken by Earth in Texas. Earth is a company with its principal office in Dallas, Texas. *See* McLaughlin Aff. at ¶ 3. Moreover, Earth's business records and documents relevant to this dispute are also located in Dallas, Texas. *Id.* at ¶ 9. Indeed, only one of the Plaintiffs even reside in New York.

In fact, Earth does not own any real property in New York, has no employees in New York, conducts no operations in New York, and is not even authorized to transact business in New York. *Id.* at ¶ 3.

Therefore, New York is an inappropriate forum to hear this case. Any alleged actions by Earth giving rise to the claims at issue would necessarily have occurred in Texas, making New York an inappropriate forum for this dispute under 28 U.S.C. 1404(a).

### 2. The Northern District of Texas is the Proper Venue Under 28 U.S.C. § 1404(a)

Even if New York was a proper venue under 28 U.S.C. § 1391(a), under a 1404(a) analysis, the convenience of the parties, the witnesses, and the interest of justice makes Texas the appropriate venue for this action. As the Supreme Court has stated, "the purpose of this section [1404(a)] is to prevent the waste of 'time, energy, and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26-27 (1960)).

28 U.S.C. § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, under 1404(a), there are 3 considerations in selecting a venue: (1) the convenience to the parties; (2) the convenience to the witnesses; and (3) the interest of justice. All three factors favor transferring this case to the Northern District of Texas, as follows:

#### a. Convenience to the Parties

Earth's principal office location is in Dallas, Texas. *See* McLaughlin Affidavit at ¶ 3. Earth does not conduct business in New York, and does not have a single employee or any real property located in New York. *Id.* All agreements and records concerning this dispute are held by Earth in Dallas, Texas. *Id.* at ¶ 9.

The Plaintiffs engaged in transactions with Earth, a Texas-based company, to receive shares of stock in Earth. It is difficult to see how the Plaintiffs, who willingly and voluntarily engaged in transactions with a Texas company, can now complain that changing the venue of this dispute to Texas is prejudicial or overly inconvenient. Moreover, only one of the Plaintiffs

even resides in New York, and so the forum of New York is not even more convenient for a majority of the Plaintiffs. Moreover, pursuant to the forum selection clause found in section 11(d) of the Registration Agreements, the Plaintiffs have waived any claim that the venue of Dallas County, Texas is inconvenient or inappropriate.

In short, the location of operative events in this dispute all concern or are related to Dallas, Texas. As the location of operative events is a primary factor in determining whether to grant a motion to transfer under 1404(a), it is appropriate to transfer this suit to Texas. *See Bank of America, N.A. v. Hensley Properties, LP*, 495 F.Supp.2d 435, 440 (S.D.N.Y. 2007).

Therefore, convenience to the parties weighs in favor of Texas.

b.   Convenience to the Witnesses

The convenience of the witnesses is a primary, if not the most important factor, in assessing a motion to transfer under 28 U.S.C. § 1404(a). *See Tralongo v. Shultz Foods*, 2007 WL 844687 at * 2 (S.D.N.Y. 2007) (slip copy). Earth has, at a minimum, three key potential witnesses with knowledge relevant to the facts of this case, who reside in or near Dallas, Texas. *See* McLaughlin Affidavit at ¶¶ 6 - 7; *see also American Steamship Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc.*, 474 F. Supp. 474, 482 (S.D.N.Y. 2007) (stating that courts have found the convenience of witnesses to be the most important factor in a motion to transfer under 1404). These witnesses are Dennis McLaughlin, Christopher "Kit" Chambers, and Jesse Oropesa. *See* McLaughlin Aff. at ¶¶ 6 - 7. All of these individuals were involved in the negotiation and/or drafting and execution of the Registration Agreements at issue. *Id.* As such, the time and cost to travel to New York make New York a burdensome and inconvenient forum for the Earth witnesses, and the absence of these employees, especially as a collective group, would be detrimental to Earth. *Id.*

Moreover, there are two critical non-party witnesses who reside in or near Dallas County, Texas. *See* McLaughlin Aff. at ¶ 8. These witnesses, David Snyder and Rose Mercer, are former employees of Earth who were involved in the drafting and/or negotiation of the Registration Agreements with the Plaintiffs. *Id.*

Moreover, all of Earth's documents related to the Registration Agreements and this dispute in issue are located in Dallas, Texas. *Id.* at ¶ 9. *See Hensley Properties,* 495 F.Supp.2d at 440 (S.D.N.Y. 2007) (listing the location of relevant documents as a factor to be considered in determining whether to grant a motion to transfer under 28 U.S.C. §1404(a)).

Overall, an analysis of the convenience to the parties weighs heavily in favor of Texas as the appropriate venue.

      c.     Interest of Justice

The final factor under a 28 U.S.C. § 1404(a) analysis is where the appropriate venue is in the interest of justice.

Foremost, it is important to note that the forum selection clause in the Registration Agreements provides a strong equitable argument that this case should be transferred to the Northern District of Texas. *See Elite Parfums,* 872 F. Supp. at 1271 ( (stating that the Second Circuit has a "strong policy of enforcing forum selection agreements"). The Registration Agreements were freely negotiated by two sophisticated parties bargaining at arm's length, and part of the agreed bargain was that all disputes arising under that Registration Agreements would be governed by Texas law. Moreover, the parties specifically agreed that the "exclusive venue for such dispute shall lie in any court of competent jurisdiction in Dallas County, Texas, and the parties waive any claim that such forum is inappropriate or inconvenient." The parties clearly

designated Dallas, Texas, as the exclusive venue for a dispute between the parties under the Registration Agreements.

Moreover, the Registration Agreements state at section 11(d) that, "this agreement shall be governed by and construed in accordance with the laws of the State of Texas." The intent of the parties to govern any disputes collateral to the Registration Agreements under Texas law is apparent. Furthermore, as Texas law controls, the Texas courts have an inherent interest in adjudicating the case. Where a case is to be decided based on the law of a particular state, a court should consider the desirability of having a case decided by a court in the state whose substantive law will govern. *See American Steamship Owners*, 474 F. Supp. at 486; *see also Van Dusen*, 376 U.S. at 612.

Therefore, based on the forum selection clause and the fact that Texas law will govern this dispute, Earth requests that this case, in the interest of justice, be transferred to the Dallas Division of the Northern District of Texas.

## CONCLUSION

For the reasons set forth above, Earth respectfully requests that the Court dismiss the action on the ground of improper venue or, alternatively, transfer this case to the Northern District of Texas, Dallas Division, and that the Court grant Earth such other and further relief, at law or in equity, to which it may be justly entitled or the Court deems appropriate.

Dated: December 21, 2007

**CUDDY & FEDER LLP**

By: _____
Joshua E. Kimerling (JEK#0053)

445 Hamilton Avenue, 14th Floor
New York, New York 10601
(914) 761-1300 – Telephone
(914) 761-5372 – Facsimile

**ATTORNEYS FOR DEFENDANT
EARTH BIOFUELS, INC.**

C&F: 854150.3

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Memorandum of Law has been sent by certified mail, return receipt requested, and first class mail, to Jonathan S. Abady, Emery Celli Brinckerhoff & Abady LLP, 75 Rockefeller Plaza, New York, New York 10019, on the 21st day of December, 2007.

_____
Joshua E. Kimerling

395057_1.DOC